UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| **EVANGELIN D. DUPREE**<br><br>Plaintiff,<br><br>v.<br><br>**WERNER ENTERPRISES, INC. AND CORY T. FITZGERALD,**<br><br>Defendants. | **Civil Action No. 4:22-cv-00045**<br><br>**JURY DEMAND** |

## COMPLAINT

**COMES NOW**, the Plaintiff, Evangelin D. Dupree, by and through counsel, and hereby brings this cause of action for injuries and damages against the Defendants as hereinafter described and respectfully represents as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of Georgia, residing at 175 Brighton Drive, Covington, GA 30016.

2. Defendant Werner Enterprises, Inc. (hereinafter referred to as "Werner Enterprises") is a foreign corporation, with its principal place of business at 14507 Frontier Road, Omaha, NE 68138. Defendant Werner Enterprises maintains a BOC-3 agent for service of process in Tennessee through the Federal Motor Carrier Safety Administration (FMCSA) as Sharon Lee's Fuel Tax Service, 1726 Carroll Road, Morristown, TN 37813, and can be served with process at that address. Defendant Werner Enterprises, Inc. maintains a registered agent for service of

process in Tennessee through the Tennessee Secretary of State as Corporate Creations Network, Inc., 205 Powell Place, Brentwood, TN 37027, and can be served with process at that address.

3. Defendant Cory T. Fitzgerald (hereinafter referred to as "Fitzgerald") is a resident of Illinois, residing at 681 Randi Lane, Hoffman Estate, IL 60169 and can be served with process at that address.

4. Defendants may also be served through the Tennessee Non-Resident Motorist Statute.

5. Plaintiff is a citizen of the State of Georgia.

6. Defendant Fitzgerald is a citizen of the State of Illinois.

7. Defendant Werner Enterprises does business in the State of Tennessee, including but not limited to transporting commerce in and through the State of Tennessee on a regular and continuing basis and is subject to the jurisdiction of this Court pursuant to T.C.A. §§ 20-2-203; 20-2-214; and, 20-2-223.

8. Defendant Werner Enterprises is a for-hire motor carrier operating a tractor trailer while transporting property in interstate commerce at the time of the wreck.

9. Notice per the Tennessee Non-Resident Motorist Act is hereby provided that Defendants are required to appear in Tennessee for purposes of giving a pretrial discovery deposition(s) (T.C.A. § 20-2-203).

10. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

11. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), as the claims for relief involve citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of costs/attorney fees.

12. Venue is proper in the Winchester Division of the Eastern District of Tennessee because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**FACTS**

13. On or about September 17, 2021, just prior to 1:53 a.m., Plaintiff Evangelin D. Dupree had parked her motor home at the Pilot Travel Center parking lot located at 640 Dickie Lee Avenue, Monteagle, Grundy County, TN 37356. Attached to her motor home was a Honda CRV.

14. At the above-described time and place, Defendant Fitzgerald, in the course and scope of his employment with Defendant Werner Enterprises, was operating a commercial motor vehicle/tractor-trailer vehicle.

15. The commercial motor vehicle being operated by Defendant Fitzgerald was a 2021 Freightliner Cascadia.

16. The commercial motor vehicle operated by Defendant Fitzgerald was a 2021 Freightliner Cascadia owned by Defendant Werner Enterprises.

17. On September 17, 2021, at approximately 1:53 a.m., Defendant Fitzgerald, suddenly and without warning, struck the rear of the Plaintiff's Honda CRV, which was attached to the parked motor home, with the tractor-trailer he was operating.

18. At the time of the collision, Defendant Fitzgerald was attempting to make a "U-Turn".

19. The collision between the tractor trailer operated by Defendant Fitzgerald and the Plaintiff's Honda CRV caused the motor home to move while the Plaintiff was preparing to exit and/or exiting the motor home, causing the injuries and losses complained of herein.

20. The Plaintiff's motor home was properly parked at the time of the collision.

21. Plaintiff had no way to avoid the collision caused by the Defendant Fitzgerald.

22. No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

23. At all times relevant to this action, Defendant Werner Enterprises was subject to the minimum safety standards established by the Federal Motor Carrier Safety Regulation (FMCFR), either directly or as adopted by the Tennessee Department of Safety, Division of Commercial Vehicle Enforcement, Rules and Regulations § 1340-06-01-.08, pursuant to T.C.A. § 65-15-106.

24. Defendant Werner Enterprises, independently and through its agents, was required to obey the FMCSR at the time of the collision and at all other material times prior to the wreck.

25. At all material times herein described, Defendant Fitzgerald was acting in the course and scope of his employment with Defendant Werner Enterprises. In addition and/or in the alternative, Defendant Fitzgerald was acting under a lease agreement with Defendant Werner Enterprises.

26. At all relevant times, Defendant Fitzgerald was employed jointly as a statutory employee by Defendant Werner Enterprises. (49 U.S.C. § 14102(s); 49 C.F.R. § 376.12-376.22, 49 C.F.R. §390.5). Defendant Fitzgerald was an agent thereof, acting in the course and scope of such employment. As a result, any negligence on the part of Defendant Fitzgerald and/or any negligent acts committed by him, may be attributed to Defendant Werner Enterprises pursuant to the doctrine of agency/master-servant/joint employee/borrowed servant/respondeat superior, and other applicable law.

27. Defendant Werner Enterprises is responsible for the acts, negligent, omissions, and conduct of Defendant Fitzgerald in the operation of the commercial vehicle, pursuant to respondeat superior, agency/master-servant/joint employee/borrowed servant, and other applicable law, and/or the provisions of the Federal Motor Carrier Act, including but not limited to provisions governing leasing requirements.

## CAUSE OF ACTION AGAINST DEFENDANTS

28. Plaintiff Evangelin D. Dupree was injured as a direct result of the negligent acts, omission(s), and conduct on the part of Defendant Fitzgerald, including but not limited to the following:

   a. Failing to use reasonable care to avoid a collision;

   b. Failing to keep a proper lookout ahead;

   c. Failing to make reasonable and proper observations while driving;

   d. Failing to timely apply the brakes of his vehicle in order to avoid a collision;

   e. Failing to maintain a reasonably safe speed;

   f. Failing to see what he should have seen;

   g. Failing to keep an assured safe distance from Plaintiff's vehicle;

   h. Failing to exercise due care in violation of Tenn. Code Ann. §55-8-136;

   i. Being negligent under the circumstances and conditions then existing;

   j. Failing to operate the vehicle as an ordinary and prudent person would have done under the then existing traffic conditions;

   k. Failing to operate his vehicle with due care and in a manner considerate of the safety and lives of the other persons lawfully on the road;

   l. Failing to keep the vehicle under due and proper control;

m. Negligence *per se;* and

n. Such other acts of negligence which will be shown at the trial of this matter and which are copied herein *in extenso.*

29. The wreck further occurred as a direct and proximate result of the following acts, omissions, and conduct on the part of Defendant Werner Enterprises:

a. Negligence in hiring and/or contracting with Defendant Fitzgerald to drive their commercial motor vehicle;

b. Negligence in failing to adequately supervise Defendant Fitzgerald;

c. Negligence in failing to train Defendant Fitzgerald to properly and safely drive their commercial motor vehicle;

d. Negligence in entrusting a commercial motor vehicle to Defendant Fitzgerald;

e. Recklessness in hiring, training, supervising and retaining Defendant Fitzgerald; and,

f. All other allegations of fact and fault alleged herein, which is hereby incorporated by reference.

30. Defendants will be shown at trial to have violated the provisions of the FMCSR, which constitutes *negligence per se.*

## DAMAGES

31. Plaintiff sustained severe injuries in this wreck as a direct and proximate result of the negligence of the Defendants.

32. As a direct and proximate result of the negligence of the Defendants, Evangelin D. Dupree sustained permanent injury, physical pain and mental suffering, disfigurement, loss of enjoyment of life, property damage, and loss of consortium. She experienced pain and suffering

and will continue to experience pain and suffering in the future. She incurred medical expenses and will continue to incur medical expenses in the future.

33. For her injuries, pain and suffering, anxiety, medical expenses, permanent injury, loss of enjoyment of life, property damage, and all other damages which may be shown by the evidence, Plaintiff is entitled to recover damages from the Defendants, in a reasonable sum to be determined by a jury at trial, plus the costs of this cause.

34. The statutory cap on general damages does not apply to this case, as will be shown by the evidence.

35. To the extent Defendant(s) is/are found to have acted maliciously, intentionally, fraudulently or reckless, Plaintiff is further entitled to have and recover punitive damages as determined by the trier of fact.

## JURY DEMAND

36. The Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands:

a. Judgment against Defendants herein for compensatory, punitive, general, and special damages;

b. That a jury be empaneled to try the issues when joined; and

c. Such other and further relief as may be just, proper, and reasonable in the premises.

Respectfully submitted,

THE HAMILTON FIRM

By: */s/ Patrick A. Cruise*
**PATRICK A. CRUISE, BPR #024099**
2401 Broad Street, Suite 102
Chattanooga, TN 37408

Phone: (423) 634-0871  
Fax: (423) 634-0874  
Email: pac@thehamiltonfirm.com